UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL GREGORY KING, | |
| Petitioner, | Civ. No. 15-8519 (KM) |
| v. | |
| CHARLES GREEN, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Paul Gregory King, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. King challenges his current immigration detention as being excessive and he requests his immediate release. For the following reasons, his habeas petition will be denied without prejudice, subject to renewal after sixty days.

## II. BACKGROUND

Mr. King is a native and citizen of Barbados. He was admitted to the United States as a lawful permanent resident in 1996. *See King v. Attorney Gen. United States*, No. 15-2409, 2016 WL 537554, at *1 (3d Cir. Feb. 11, 2016). In 2011, Mr. King was convicted of possessing the controlled substance ecstasy (MDMA). *See id.* Removal proceedings were initiated against Mr. King, and he was taken into immigration custody on May 14, 2014. On December 12, 2014, he was ordered removed by an Immigration Judge ("IJ"). The Board of Immigration Appeals ("BIA") dismissed Mr. King's appeal on May 18, 2015.

Thereafter, Mr. King filed a motion for a stay of removal and petition for review with the United States Court of Appeals for the Third Circuit. The Third Circuit denied Mr. King's motion for a stay of removal on July 16, 2015. On February 11, 2016, the Third Circuit denied Mr. King's petition for review. *See King*, 2016 WL 537554.

While the petition for review was pending before the Third Circuit, Mr. King filed this habeas petition. It was received by the clerk of the Court on December 4, 2015. Mr. King argues that he has spent an unreasonable period of time in immigration detention and seeks his immediate release. The government filed a response on February 3, 2016. Immigration and Customs Enforcement ("ICE") states that on January 15, 2016, it met with the Embassy of Barbados in Washington, D.C., seeking travel documents to enable Mr. King's deportation. ICE states that the Barbados Embassy will not issue a travel document "until King's pending litigation is resolved." (Dkt. No. 7-1 at p. 3)

"Pending litigation" might refer to the Third Circuit petition for review, or it might refer to this habeas petition. As stated above, the Third Circuit denied the petition for review on February 11, 2016, about a month after the Embassy meeting. The government wrote the Court to state that, once this habeas petition is resolved, it will promptly obtain the necessary travel documents. (*See* Dkt. No. 9 at p. 1)

### III. DISCUSSION

Title 8 of the United States Code Section 1231(a) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under) an (immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal-order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may he detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. See *Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6).[1] See *Zadvydas*, 533 U.S. at 701.

The ninety day mandatory detention period set forth in Section 1231(a)(1)(A) expired in August, 2015, and the six-month presumptively reasonable period of immigration detention set forth in *Zadvydas* expired in November 2015. Mr. King has now been in post-removal immigration detention for a period of approximately ten months.

The issue, then, is whether Mr. King's detention is unreasonable because there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. See *Zadvydas*, 533 U.S. at 701. The burden is on Mr. King to make that showing. See *Barenboy v. Attorney General of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to 'provide[ ] good reason to believe that there is no significant

---

[1] Mr. King cites to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) in his habeas petition. *Diop* and its progeny apply to immigration detainees who are in pre-removal immigration detention. Mr. King, however, is in post-removal immigration detention as the BIA dismissed his appeal on May 18, 2015, which made his removal order final. See 8 C.F.R. § 1241.1(a). Therefore, this case is properly analyzed under *Zadvydas* rather than *Diop* and its progeny.

likelihood of removal in the reasonably foreseeable future....' Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.'") (quoting *Zadvydas*, 533 U.S. at 701).

For the reasons stated above, resolution of this habeas petition will remove the last obstacle to obtaining the necessary travel documents from the Embassy for Barbados, which will not act until Mr. King's "pending litigation is resolved." (Dkt. No. 7-1 at p. 3) The government represents that, if this habeas petition is dismissed, Mr. King's removal can occur in the near future.

Under these circumstances, Mr. King has not met his burden to show that his post-removal order immigration detention violates *Zadvydas*. He has produced no evidence – for example, a showing that Barbados has declined to accept deportees, or to accept them within a reasonable time – to counter the government's position that travel documents will be issued once his pending litigation is resolved. In other cases, courts have determined that fairly lengthy periods of post-removal administrative delay do not yet necessarily merit granting habeas relief under *Zadvydas*. *See, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming denial of *Zadvydas* claim despite petitioner being in immigration detention for almost eleven months); *Pierre v. Dep't Homeland Sec.*, No. 12-1869, 2013 WL 5570822, at *1 (M.D. Pa. Oct. 9, 2013) (eleven months); *Moulton v. Sabol*, No. 12-0922, 2012 WL 6012133, at *8 (M.D. Pa. Aug. 6, 2012) (noting that petitioner is not automatically entitled to be released despite being in post-removal detention for ten months where he failed to provide any evidence that Liberia denied him as a citizen or that Liberia will refuse to issue the appropriate travel documentation for him in the reasonably foreseeable future), *report and recommendation adopted by* 2012 WL 6012799 (M.D. Pa. Dec. 3, 2012).

I am mindful that Mr. King's immigration detention is getting longer by the day and that the longer an alien is detained, the less proof he must put forward to obtain relief. *See Alexander*, 495 F. App'x 276-77 (citing *Zadvydas*, 533 U.S. at 701). The government, however, is not just promising removal any day now; it has stated a reasonable basis to conclude that removal may occur with dispatch once the barrier of this habeas proceeding is lifted.

I will therefore deny habeas relief. In the accompanying order, however, I have granted Mr. King leave to reopen this case after a period of 60 days has passed. That should give the Barbados Embassy enough time to to issue the necessary travel documents. If it does not do so, I may take a different view of the question whether removal is likely to occur in the reasonably foreseeable future. While the government's representations to this Court are sufficient for the time being, their persuasiveness will diminish over time.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice, subject to renewal after sixty days. I am retaining jurisdiction to the extent that I will permit the petition to be renewed by the filing of a simple notice to reopen the case. An appropriate order will be entered.

DATED: March 11, 2016

KEVIN MCNULTY
United States District Judge